---

### CORN v. THE B. & M.

(Supreme Court, Appellate Term. February 24, 1910.)

TRIAL (§ 252*)—INSTRUCTIONS—PRESUMPTIONS—FAILURE TO CALL WITNESS.

Where it appears that on a former trial plaintiff called a witness who is now absent and beyond the jurisdiction of the court, it is error to charge that "from the failure to produce that witness the jury may assume that, if produced, his testimony would be adverse to plaintiff."

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–597; Dec. Dig. § 252.*]

Appeal from City Court of New York, Trial Term.

Action by Morris Corn against The B. & M. Defendant had judgment, and plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Phillips & Samuels, for appellant.
Joseph Wilkenfeld, for respondent.

PER CURIAM. This is an appeal by plaintiff from judgment in favor of defendant in an action brought to recover for goods sold and delivered to defendant by plaintiff's assignors; the defense being that the goods were sold by circular, and, not being as represented, were returned to plaintiff's assignors.

The principal ground of appeal is that the court erred in charging the jury:

"That if the plaintiff had another witness who gave material testimony in the Municipal Court action, that from the failure of the plaintiff to produce that witness, the jury had a right to assume that, if he had been produced, his testimony would have been adverse to the plaintiff."

To which charge the plaintiff took an exception. It appears that the witness referred to was one of plaintiff's assignors, who at the time of the trial of this case was absent in Chicago. No evidence was introduced showing that his testimony would be material, or that he was in any way under the control of the plaintiff at the time of the trial, or could be produced by him. On the contrary, the evidence was that he was without the jurisdiction of the court. It appeared that he was called as a witness on the trial of the same cause in a Municipal Court, but the character of his testimony at that time was not disclosed. The charge was clearly erroneous, and the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes